IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN C. DUNCKHURST,

    Petitioner,                    No. CIV S-08-0974 WBS DAD P

    vs.

DARREL G. ADAMS, Warden,

    Respondent.             FINDINGS AND RECOMMENDATIONS

                            /

          Petitioner, a state prisoner proceeding pro se, has filed a second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 18, 2008, the undersigned ordered respondent to file and serve a response to the petition. On September 11, 2008, respondent filed the pending motion to dismiss, arguing that petitioner's habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed a timely opposition to the motion and respondent has filed a reply. Petitioner has also filed an unauthorized response, styled as a "traverse" to respondent's reply, which the court has nonetheless considered in the interests of justice. See Local Rule 78-230(m).

**BACKGROUND**

          In August 2005, a Shasta County Superior Court jury convicted petitioner of vehicle theft. Petitioner also pleaded guilty to the charge of possession of a deadly weapon by a

1

prisoner.  A number of sentencing enhancement allegations were also found to be true.  On October 17, 2005, the Superior Court sentenced petitioner to an indeterminate term of thirty-three years to life in state prison.  Petitioner did not appeal from the judgment of conviction.  (Sec. Am. Pet. at 2; Resp't's Lodged Doc. 1.)

    Petitioner did, however, file six state habeas petitions challenging the judgment. On October 10, 2006, petitioner filed a petition for writ of habeas corpus in the Shasta County Superior Court which that court denied on November 29, 2006.  On March 17, 2007, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District which that court denied on May 3, 2007.  On or about March 13, 2007, petitioner filed a second petition for writ of habeas corpus in the Shasta County Superior Court.[1] On May 2, 2007, the Superior Court denied the petition.  On May 8, 2007, petitioner filed a second petition for writ of habeas corpus in the Court of Appeal for the Third Appellate District which that court denied on June 7, 2007.  On May 28, 2007, petitioner filed a petition for writ of habeas corpus in the California Supreme Court which was denied on October 10, 2007.  Finally, on or about May 25, 2007, petitioner filed a third petition for writ of habeas corpus in the Shasta County Superior Court.[2]  On October 25, 2007, the Superior Court denied the petition.  (Resp't's Lodged Docs. 2-13.)  On March 20, 2008, petitioner commenced this action by filing a federal petition for writ of habeas corpus.[3]  On July 3, 2008, petitioner filed his second amended petition.

## RESPONDENT'S ARGUMENTS

    Respondent has filed a motion to dismiss arguing that the pending federal habeas petition is time-barred.  Specifically, respondent argues that petitioner did not appeal from his

---

[1] Although March 13, 2007, is the date listed on petitioner's proof of service, the Shasta County Superior Court did not receive this petition for filing until a month later on April 16, 2007.

[2] Although May 25, 2007, is the date listed on the proof of service, the Shasta County Superior Court did not receive this petition for filing until August 27, 2007.

[3] March 20, 2008, is the date listed on petitioner's proof of service.  However, this court did not receive petitioner's federal petition for filing until more than a month later on May 6, 2008.

judgment of conviction entered on October 17, 2005, causing his conviction to become "final" on December 16, 2005, sixty days after the time for filing an appeal expired. Respondent argues that under AEDPA, the one-year statute of limitations period for filing a federal habeas petition began to run the following day, on December 17, 2005, and expired one year later on December 16, 2006. (Resp't's Mot. to Dismiss at 3.)

Respondent acknowledges that the proper filing of a state post-conviction application challenging a judgment of conviction tolls the one-year statute of limitations. However, respondent argues that petitioner did not file his first state habeas petition in the Shasta County Superior Court until October 10, 2006, after 297 days of the statute of limitations had already elapsed. Respondent does not dispute that petitioner properly filed his first state habeas petition and is entitled to tolling for the period of time that petition was pending. However, respondent contends that petitioner is not entitled to tolling for the 108 days between the Shasta County Superior Court's denial of his first petition filed with that court and the filing of his habeas petition in the California Court of Appeal, because petitioner unreasonably delayed in filing his second petition. Respondent argues that without statutory tolling for these 108 days, a total of 405 days had elapsed, rendering his federal habeas petition untimely. (Resp't's Mot. to Dismiss at 4-6; Resp't's Reply at 2-9.)

In the alternative, respondent argues that even if the court awards petitioner tolling for the 108 days in between the Shasta County Superior Court's denial of his first petition filed with that court and his filing of his petition in the California Court of Appeal, petitioner's federal habeas petition is still untimely. In this regard, respondent argues that even if petitioner were entitled to statutory tolling for the entire time all of his state habeas petitions were pending, nearly 10 months of the statute of limitations had elapsed before petitioner filed his first state habeas petition in the Shasta County Superior Court and an additional six months elapsed after that same court denied his final state habeas petition but before this court received petitioner's

/////

federal habeas petition for filing on May 6, 2008. Respondent argues that, even under this "best case scenario," petitioner's federal habeas petition is time-barred. (Resp't's Reply at 9-10.)

**PETITIONER'S ARGUMENTS**

In opposition to respondent's motion to dismiss, petitioner argues that prison officials caused the 108-day delay in between the Shasta County Superior Court's denial of his first petition and his filing of his habeas petition in the California Court of Appeal. Specifically, petitioner argues that he was moved from High Desert State Prison to California State Prison, Corcoran on November 14, 2006. According to petitioner, prison policy allegedly allows prison officials to hold an inmate's property for up to six weeks. Petitioner argues that he did not receive his legal property until January 15, 2007. Moreover, petitioner contends that once he received his legal property, he had to submit numerous requests before he could access the law library. Petitioner notes that he could not make copies of transcripts and other documents without access to the library. Petitioner also argues that he has been housed in a security housing unit since November 9, 2006, where there is limited movement and rolling lockdowns. For these reasons, petitioner contends that he simply could not respond any earlier to the Shasta County Superior Court's denial of his first state habeas petition. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1-2; Pet'r's Traverse at 1-7.)

In response to respondent's alternative argument that his federal habeas petition is untimely even if this court grants statutory tolling for the entire time his habeas petitions were pending before the state courts, petitioner argues that he had no idea what to do, how to do it, or where to file his petitions. He contends that his trial attorney failed to explain to him his right to file a direct appeal as well as his right to file a habeas corpus petition. Petitioner reiterates that he had limited access to the law library while incarcerated. (Pet'r's Traverse at 3-4 & 8.)

/////
/////
/////

**ANALYSIS**

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitation applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See <u>Lindh v. Murphy</u>, 521 U.S. 320, 322-23 (1997).

II. <u>Application of § 2244(d)(1)(A)</u>

In August 2005, a Shasta County Superior Court jury convicted petitioner of vehicle theft. Petitioner also pleaded guilty to the charge of possession of a deadly weapon by a prisoner. A number of sentencing enhancement allegations were also found to be true, and on October 17, 2005, petitioner was sentenced to an indeterminate term of thirty-three years to life

1 | in state prison.  Petitioner did not appeal the judgment.  For purposes of federal habeas review,
2 | petitioner's conviction became final on December 16, 2005, upon expiration of the sixty-day
3 | period to file a notice of appeal.  Cal. Rules of Court, Rule 8.308 (formerly Rule 31).  The
4 | AEDPA statute of limitations period began to run the following day, on December 17, 2005, and
5 | expired one year later on December 16, 2006.  Petitioner did not file his federal habeas petition
6 | until more than a year later on March 20, 2008.  Accordingly, petitioner's federal petition for writ
7 | of habeas corpus is untimely unless he is entitled to the benefit of statutory or equitable tolling.

### III. Statutory Tolling

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In this case, 297 days of the federal statute of limitations elapsed before petitioner filed his first petition for writ of habeas corpus in the Shasta County Superior Court on October 10, 2006.  Even assuming petitioner is entitled to statutory tolling for the entire time all of his habeas petitions were pending before the state courts, nearly five more months ran on the statute of limitations between the Shasta County Superior Court's denial of his final state habeas petition on October 25, 2007, and the filing of his federal petition on March 20, 2008.  Accordingly, even with the most generous award of statutory tolling, petitioner's federal petition is still time-barred.

/////

## IV. Equitable Tolling

The U.S. Supreme Court has held that, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). See also Lawrence v. Florida, 549 U.S. 327, 328 (2007) (assuming without deciding that equitable tolling applies to § 2244(d)). The Ninth Circuit has stated that "the purpose of equitable tolling 'is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008). Nonetheless, equitable tolling of the AEDPA statute of limitations will be unavailable in most cases. See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Here, the court has construed petitioner's arguments regarding the timeliness of his petition as a claim of entitlement to equitable tolling. Even assuming petitioner has been pursuing his rights diligently, he has not demonstrated that some extraordinary circumstance stood in his way of timely filing his federal petition. First, petitioner's personal lack of understanding of the law and the legal system is not grounds for equitable tolling. See, e.g., Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); Hughes v. Idaho State Bd. of Corrs., 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of the law unfortunate but insufficient to establish cause).

In addition, petitioner's trial attorney's alleged failure to advise him about how, when, and where to file a direct appeal or pursue habeas corpus relief, at most, constitutes negligence. A defense attorney's "ordinary" negligence does not constitute "extraordinary circumstances." See Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003); Miranda v. Castro, 292 F.3d 1063, 1067-68 (9th Cir. 2002) (an attorney's negligence or inadvertence does not provide grounds for applying equitable tolling); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir.

2001) ("[counsel's] negligence in general do[es] not constitute extraordinary circumstances sufficient to warrant equitable tolling."); Culver v. Director of Corr., 450 F. Supp. 2d 1135, 1142 (C.D. Cal. 2006) ("To the extent that Petitioner claims his attorney is responsible for any delay because counsel allegedly failed to file a petition for review on direct appeal and failed to advise Petitioner of the AEDPA deadline, he has not met his burden to show he is entitled to equitable tolling.").

Finally, petitioner's limited access to the law library and prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling. See, e.g., United States v. Van Poyck, 980 F. Supp. 1108, 1111 (C.D. Cal. 1997) (holding that the inability to secure copies of transcripts from court reporters and lockdowns at prison lasting over one week and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll the one-year statute of limitations). "Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition." Boyd v. Kramer, No. Civ. S-05-00988 ALA HC, 2008 WL 782766, *6 (E.D. Cal. Mar. 21, 2008) (quoting Atkins v. Harris, No. C 98-3188 MJJ (PR), 1999 WL 13719, *2 (N.D. Cal. Jan. 7, 1999) (reasoning that lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations.")). Accordingly, petitioner is not entitled to equitable tolling.

Under these circumstances, the court concludes that petitioner's federal petition for a writ of habeas corpus is time-barred. Respondent's motion to dismiss should therefore be granted, and petitioner's federal petition should be dismissed with prejudice.

/////

/////

/////

/////

/////

**CONCLUSION**

IT IS HEREBY RECOMMENDED that:

1. Respondent's September 11, 2009 motion to dismiss (Doc. No. 12) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 28, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
dunc0974.157